MATTHEW I. KREEGER (CA SBN 153793)
Email: MKreeger@mofo.com
REBECCA S. SAELAO (CA SBN 222731)
Email: RSaelao@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

JANA G. GOLD (CA SBN 154246)
Email: JGold@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792

Attorneys for Plaintiff
EPITOMICS, INC.

ROBERT J. GOLDMAN (CSB # 189922)
Email: robert.goldman@ropesgray.com
LINDA E. ROST (CSB # 211769)
Email: linda.rost@ropesgray.com
KELLY L. BAXTER (CSB # 232286)
Email: kelly.baxter@ropesgray.com
ROPES & GRAY LLP
525 University Avenue
Palo Alto, California 94301
Telephone: (650) 617-4000
Facsimile: (650) 617-4090

Attorneys for Defendant
CELL SIGNALING TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPITOMICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELL SIGNALING TECHNOLOGY, INC., <br><br> Defendant. | Case No. C 07-5275 MMC <br><br> **STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER
sf-2447956

Whereas pretrial discovery in the above-entitled action (the "Case") may involve the disclosure of confidential, trade secret, proprietary, technical, business and financial information of a party or a third party entitled to protections from disclosure; and

Whereas the parties have in good faith conferred and have agreed upon the terms of a Stipulated Protective Order ("Order") and for good cause shown;

Plaintiff Epitomics, Inc. ("Epitomics") and Defendant Cell Signaling Technology, Inc. ("CST") hereby stipulate, pursuant to Federal Rules of Civil Procedure 26(c), subject to the approval of the Court, to the following Order:

1. <u>Designated Material</u>. Any information or material disclosed, formally or informally, in this Case and any material submitted to the Court may be designated under this Order by any party, or by the person or entity, including nonparties to this Case, disclosing or lodging it ("Designating Person"). All such information and material and all information or material derived from it constitutes "Material" or "Designated Material" under this Order. The designation may be made for the purposes of avoiding invasion of individual privacy and of protecting proprietary information, confidential business information and/or trade secrets. The designation shall be "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" as described below.

2. <u>Criteria for Designation.</u>

(a) <u>CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY</u>. A Designating Person may designate Material as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" if the Designating Person in good faith believes it constitutes extremely sensitive non-public information whose disclosure would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(b) <u>Confidential Information</u>. A Designating Person may designate Material as "CONFIDENTIAL" if the Designating Person reasonably believes that the Material embodies non-public sensitive information.

3.  <u>Access to Designated Material</u>.  Except as otherwise required by law, Designated Material shall not be used or disclosed for any purposes other than this Case and may only be disclosed pursuant to the following provisions.

(a)  <u>CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Material</u>.  Material designated under this Order as CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY may be disclosed only to qualified persons as follows:

(i)  <u>Counsel</u>.  Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed to outside counsel of record for Epitomics and for CST in this case, their legal partners, of counsel, associates, contract attorneys, legal assistants, case clerks, office staff and support services, such as copy centers or court reporter or videographer services, and the like whose duties and responsibilities require access to CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY Material.

(ii)  <u>Outside consultants/experts</u>.  Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed to independent consultants/experts who are not present employees or counsel of either party, or of any parent, subsidiary, affiliated or related company of either party and are retained solely for the purpose of this Case, and the secretarial and clerical staffs of such consultants/experts, so long as the consultants/experts and their staff have signed the undertaking attached hereto as Exhibit A; and further provided that the parties mutually agree in advance to the disclosure to such consultants/experts as follows:

The parties agree that, prior to transmitting Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" to an expert (testifying or consulting), each will give the other ten (10) business days advance written notice.  The written notice shall contain, at a minimum, the expert's name, address, corporate affiliations (including consultations) and a *curriculum vitae*.  An objection to the expert shall be made, if at all, within ten (10) days of the notification.  The party seeking to make the disclosure of the Material to said expert shall have the burden of (i) notifying opposing counsel in writing within ten (10) days of receipt of the

written notice; and (ii) making an appropriate motion to the Court within twenty (20) business days of receipt of the written notice. If objection is made, no Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" shall be transmitted to the experts (testifying or consulting) in question until the Court issues an Order permitting disclosure or the parties otherwise agree to the disclosure. If there are no objections within the ten (10) day period, Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed to testifying experts and nontestifying experts (consultants) and their office staff who have been retained by counsel for any party and who have agreed in writing to be bound by this Order.

      (iii)   <u>Authors and Addressees</u>. Material designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed to any person who appears as an author or addressee on the face of the document or who previously received a copy of the document in the regular course of business.

(b)   <u>CONFIDENTIAL Material</u>. Material designated under this Order as CONFIDENTIAL may be disclosed only as follows:

      (i)   <u>Counsel</u>: Outside counsel of record for Epitomics and for CST in this case, their legal partners, of counsel, associates, contract attorneys, legal assistants, case clerks, office staff and support services, such as copy centers or court reporter or videographer services, and the like whose duties and responsibilities require access to CONFIDENTIAL Material;

      (ii)   <u>Client personnel</u>: Persons employed by a party to this lawsuit who have signed the undertaking attached hereto as Exhibit A;

      (iii)   <u>Outside consultants/experts</u>: Persons who are not employed by the receiving party but are retained by the receiving party or its attorneys of record in this Case, for the purposes of assisting in preparation of this Case, who have signed the undertaking attached hereto as Exhibit A;

      (iv)   <u>Authors and Addressees</u>. Material designated "CONFIDENTIAL" may be disclosed to any person who appears as an author or addressee on the face of the

document or who previously received a copy of the document in the regular course of business.

 (c) <u>Others by agreement or order.</u> All Designated Material or a class of Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party.

 4. <u>Disclosure of Designated Materials</u>.  If at any time a party is required to disclose Material designated as CONFIDENTIAL or CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY by any Court, administrative or legislative body, law, or regulation, or is requested by any other Person or entity having authority to require the disclosure of such Material, the Party shall immediately give written notice thereof to the Designating Party with respect to the Material to be disclosed and shall afford the Designating Party reasonable opportunity to pursue formal objections to such disclosure.

 5. <u>Custody of Designated Materials</u>.  A person having custody of any Designated Material shall maintain it in a manner that limits access to qualified persons.

 6. <u>Designating Documents</u>.  Documents shall be designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" and shall have each page of all such documents and exhibits marked as such.  The documents shall be marked prior to production.  With respect to documents already produced or exchanged by the parties and previously marked confidential or otherwise subject to confidentiality provisions pursuant to agreement of the parties prior to entry of this Order, such documents are to be treated as CONFIDENTIAL under the terms of this Order and marked as such when produced or otherwise used in this action.  Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manners set forth or described herein shall be designated by the Designating Person by informing the receiving party in writing.

 7. <u>Designating Depositions</u>.

 (a) Deposition transcripts or portions thereof may be designated either "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY."

      (b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 3 of this Order.

      (c) A Designating Person may mark Designated Material as a deposition exhibit and examine any witness thereon, or examine any witness about Designated Material, provided that the deposition witness is one to whom the Designated Material may be disclosed under paragraph 3 of this Order and the exhibit, if any, and related transcript pages receive the same confidentiality designation as the original Designated Material.

      8. <u>Use of Confidential Materials During Court Proceedings.</u>

In the event that any Designated Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the Designated Material shall not lose its status as Designated Material through such use. No less than three (3) days prior to such pre-trial proceeding, the party intending to use such Designated Material shall notify the Designating Party of its intention. For the purposes of hearings on motions, designation or citation of the briefs of Designated Material shall be sufficient notice to a party with respect to information referenced therein. In the event that the 3-day notice provided for herein is not practical, this provision shall not be used to strike confidential materials from being used at the proceeding, except for good cause shown, and the party seeking to use the Designated Material on less than 3 days' notice shall notify the Court and the Designating Party of its intent to use the Designated Material prior to the use of any such Designated Material. Upon such notification, the parties shall meet and confer and the party seeking to use the Designated Material shall take all steps reasonable required to protect the confidentiality of the Designated Material during such use, including, but not limited to, requesting in camera proceedings. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of Designated Material at trial. The parties agree to meet and confer in good faith prior to the trial to establish procedures for the use of Designated Material at trial.

1    9.  Procedure for Submitting Confidential Information to the Court.

All submissions to the Court of "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Material shall be made in accordance with Northern District of California Civil Local Rule 79-5, "Filing Documents Under Seal."

10.  Designations to be Reasonable.

Designating Persons will use reasonable care to avoid designating any documents or information as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" that are generally available to the public or for which the Designating Person does not have a good faith belief that the document or information satisfies the criteria set forth in paragraph 2.

11.  Objections.  A party may challenge the propriety of any designation under this Order.  The Designating Person and the party objecting to the designation shall then meet and confer regarding the challenged designation.  If they are unable to resolve the disagreement, the objecting party shall make an appropriate motion to the court.  Absent order of the Court to the contrary, the Material shall maintain the original designation.

12.  No Prejudice.

(a)  Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(b)  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(c)  The designation of information as "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," pursuant to this Order, shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential research, development, or commercial information.

13.  Inadvertent Production of Privileged Materials.  The inadvertent production of any document or thing shall be without prejudice to a claim that such material is protected by the

attorney-client privilege or protected from discovery as work product. If within a reasonable time after materials are disclosed, a Designating Person asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned to the Designating Person and the receiving party shall not use any of the information contained in the inadvertently produced materials in any manner. Any inadvertent disclosure of material protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege shall not be deemed a waiver of privilege.

14. <u>Error in Designation</u>. The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL", as appropriate, at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after the Designating Person becomes aware of the error.

15. <u>Final Disposition</u>. Upon final termination of this case including the running of any time to appeal, seek review, or move for relief under Fed. R. Civ. P. 60, and at the written request of the Designating Person, all Designated Material and all copies, extracts and summaries thereof shall be returned to the person who produced the Material, or destroyed with written certification of such destruction. However, counsel of record may retain copies of pleadings, attorney and consultant work product, and deposition transcripts for archival purposes.

16. <u>Modification and Survival</u>. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties, by stipulation read into the Court record or deposition record, or by order of the Court. Any party may seek modification of this Order by the Court, upon showing of good cause therefor. This Order shall survive termination of this case.

17. <u>Restrictions</u>.  Nothing in this Order shall impose any restriction on the use or disclosure by a party of: (a) its own documents and information or (b) documents and information obtained independently from other sources without violation of confidentiality obligations owed to any party in this case.

18. <u>Remedies for Violation</u>.  Any violation of the terms of this Protective Order may result in the imposition of such relief as deemed appropriate by a court of competent jurisdiction, including specific performance and injunctive relief.  It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

19. Notices may be given under this Order by facsimile or e-mail.

Dated: January 22, 2008

MATTHEW I. KREEGER
JANA G. GOLD
REBECCA S. SAELAO
MORRISON & FOERSTER LLP

By:   /s/ Jana G. Gold
      Jana G. Gold
      JGold@mofo.com

Attorneys for Plaintiff
EPITOMICS, INC.

Dated: January __, 2008

ROBERT J. GOLDMAN
LINDA E. ROST
KELLY L. BAXTER
ROPES & GRAY LLP

By:   /s/ Robert J. Goldman
      Robert J. Goldman
      robert.goldman@ropesgray.com

Attorneys for Defendant
CELL SIGNALING TECHNOLOGY, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:

_____
Honorable Maxine M. Chesney
U.S. District Court Judge

STIPULATED PROTECTIVE ORDER
8

sf-2447956

# EXHIBIT "A"

## UNDERTAKING RE: INFORMATION COVERED BY PROTECTIVE ORDER
*Epitomics, Inc., v. Cell Signaling Technology, Inc.*, Case No. C 07-5275 MMC (N.D. Cal.)

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in *Epitomics, Inc., v. Cell Signaling Technology, Inc.*, Case No. C 07-5275 MMC (N.D. Cal.), and understands its terms and agrees to be bound by each of those terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" Material made available to him/her other than in accordance with said Stipulated Protective Order. The undersigned further agrees and understands that this agreement may be enforced in a court of law, and additionally agrees to submit to the jurisdiction of the state and federal courts in the State of California for the purpose of enforcing this agreement.

Dated: _____

_____
(signature)

_____
(type or print name of individual)

Of: _____
(name of employer)

STIPULATED PROTECTIVE ORDER
9
sf-2447956