1  Matthew I. Kreeger (CA SBN 153793)
   Email: MKreeger@mofo.com
2  Rebecca S. Saelao (CA SBN 222731)
   Email: RSaelao@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Jana G. Gold (CA SBN 154246)
   Email: JGold@mofo.com
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, California  94304-1018
   Telephone: 650.813.5600
9  Facsimile: 650.494.0792

   Robert J. Goldman (CA SBN 189922)
   Email: robert.goldman@ropesgray.com
   Linda E. Rost (CA SBN 211769)
   Email: linda.rost@ropesgray.com
   Kelly L. Baxter (CA SBN 232286)
   Email: kelly.baxter@ropesgray.com
   ROPES & GRAY LLP
   525 University Avenue
   Palo Alto, California 94301
   Tel.:  650.617.4000
   Fax.: 650.617.4090

   Attorneys for Defendant
   CELL SIGNALING TECHNOLOGY, INC.

10 Attorneys for Plaintiff
   EPITOMICS, INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16 | EPITOMICS, INC.,                    | Case No.   C 07-5275 MMC

17 |             Plaintiff,              | **JOINT CASE MANAGEMENT STATEMENT (CIVIL L.R. 16-9)**

18 |        v.                           | **JURY TRIAL DEMANDED**

19 | CELL SIGNALING TECHNOLOGY, INC.,    | **Hon. Maxine M. Chesney**

20 |             Defendant.              |

21

22

23

24

25

26

27

28

Plaintiff Epitomics, Inc. ("Epitomics") and Defendant Cell Signaling Technology, Inc. ("CST"), the parties to the above-entitled action, jointly submit this Case Management Statement.

**1.      Jurisdiction and Service**

This Court has jurisdiction over this dispute under 28 U.S.C. § 1332.  All parties are subject to the Court's jurisdiction.  Venue is proper.  All parties have been served.

**2.      Facts**

**Epitomics' statement:**  Epitomics has developed a unique and proprietary method for making rabbit monoclonal antibody ("RabMAb") products.  Epitomics has exclusive rights to sublicense the patent rights covering its RabMAb methods and products.  Epitomics has developed additional proprietary technology and know-how for making RabMAb products efficiently.  In 2003, Epitomics sublicensed this technology to CST under a Technology License Agreement ("TLA").

Epitomics alleges that CST has wrongfully withheld royalties on a group of RabMAb products that CST asserts are "new" and thus allegedly not subject to royalties.  Epitomics is not aware of any scientific process for producing RabMAbs that would not infringe on Epitomics' patent rights, but even if there were such a process, Epitomics alleges that in making its "new" products, CST continues to rely on the proprietary trade secrets and know-how Epitomics conveyed under the parties' agreements, and that CST's use of this information exceeds the scope of the TLA.

Epitomics contends that CST's use and sale of these "new" products while failing to pay royalties (1) breaches the TLA; (2) constitutes misappropriation of Epitomics' trade secrets; and (3) breaches the covenant of good faith and fair dealing in the TLA.

Epitomics further contends that CST intentionally interfered with Epitomics' prospective economic advantage and aided and abetted breach of duty by hiring Dr. Helen Cha-Roberts, a former business development manager for Epitomics, exploiting Dr. Cha-Roberts' knowledge of Epitomics' confidential information to divert Epitomics' customers to CST, and misrepresenting certain claimed advantages CST's products in order to undermine Epitomics' products.

CST has not filed counterclaims in this case.

JOINT CASE MANAGEMENT STATEMENT         1
Case No.  C 07-5275 MMC
sf-2451835

**Epitomics believes that the factual issues in the case are:**

    a.    Whether technology transferred by Epitomics to CST under the TLA constitutes Epitomics' trade secrets; i.e. whether the technology transferred is commercially valuable, derives independent economic value from not being known to others in the field, and is maintained by Epitomics as confidential information;

    b.    Whether CST made unauthorized use of Epitomics' trade secrets, including by using Epitomics' technology and know-how to produce CST's "new" products;

    c.    Whether the parties have each complied with the TLA;

    d.    Whether and by what amount Epitomics has been damaged;

    e.    Whether CST has encroached on Epitomics' business using Epitomics' technology;

    f.    Whether CST has exploited former Epitomics employee Dr. Cha-Roberts' knowledge of Epitomics' confidential information for competitive purposes.

    **CST's statement**: CST and Epitomics entered into a Technology License Agreement ("the Agreement") on February 20, 2003. CST has met all of its obligations under the Agreement, including payment of royalties on all products subject to royalties. CST has developed its own proprietary methods for producing rabbit monoclonal antibodies, and those methods are trade secrets of CST. CST's proprietary methods for producing rabbit monoclonal antibodies are outside the scope of the Agreement. CST's development of its own technology did not rely on any non-public information provided to CST by Epitomics.

    This dispute arises because Epitomics claims to be "not aware of any scientific process" for producing rabbit monoclonal antibodies other than its own processes. Since this dispute first arose in December 2006, CST has repeatedly informed Epitomics that it has developed both rabbit monoclonal antibodies and processes for producing them that are *not* based on the Fusion Technology that Epitomics has asserted as its own. Despite CST's efforts to resolve this dispute, Epitomics has refused to participate in mediation in violation of ¶ 7.11 of the Agreement, which requires the parties to make "a good faith attempt at amicable resolution" of any dispute, and suggests mediation as the means to do so.

      CST hired Dr. Helen Cha-Roberts as a Drug Discovery Market Specialist in June 2006. Dr. Cha-Roberts' responsibilities and incentives compensation are exclusively based on antibody product sales. Although Dr. Cha-Roberts used to work for Epitomics as a business development manager, she has maintained in confidence any confidential information she obtained in that position. Dr. Cha-Roberts' conduct in her current position is not relevant to any claim or defense in this action, and in all events has been commercially reasonable.

      **CST believes the factual issues in the case are:**

      a.    Whether Epitomics' alleged trade secrets meet all of the requirements necessary to actually be trade secrets under Cal. Civ. Code § 3426 *et seq.*;

      b.    Whether CST's proprietary methods for making rabbit monoclonal antibodies are outside the scope of the Agreement;

      c.    Whether Epitomics has complied with the provisions of the Agreement;

      d.    Whether CST owes any payments under the terms of the Agreement;

      e.    Whether Dr. Cha-Roberts has maintained in confidence Epitomics' confidential information, and whether her conduct while employed by CST has been commercially reasonable.

**3.    Legal Issues**

      The primary issues to be litigated are:

**Epitomics' statement:**

      a.    Whether Epitomics is entitled to discovery from CST prior to any mediation explaining CST's allegedly alternative process for making RabMAb products, so that its counsel and expert consultants (subject to a protective order) can meaningfully assess this issue;

      b.    Whether CST's "new" technology is subject to the TLA and whether CST is therefore in breach of the TLA;

      c.    Whether CST's use and sale of its "new" technology violates trade secrets laws, including California Civil Code Section 3426 *et seq.*;

      d.    Whether CST has violated the covenant of good faith and fair dealing in the TLA;

1  e. Whether CST has intentionally interfered with Epitomics' prospective economic advantage and aided and abetted breach of duty by hiring Dr. Cha-Roberts, a former business development manager for Epitomics.

**CST's statement:**

a. Whether Epitomics' disclosure of its alleged trade secrets under California Code of Civil Procedure Section 2019.210 is adequate;

b. Once alleged with specificity, whether Epitomics' alleged trade secrets constitute trade secrets proprietary to Epitomics;

c. Whether CST has breached the Agreement;

d. Whether costs and attorneys' fees should be awarded to the prevailing party.

**4. Motions**

No motions are currently pending. The parties are not yet aware of motions they may ultimately bring, with the exception of the following:

**Epitomics' Statement:**

Epitomics expects that a motion may be necessary to compel CST to produce documents explaining CST's allegedly alternative process for making RabMAb products. Epitomics has already voluntarily produced a Trade Secrets Statement to CST modeled on the requirements of California Code of Civil Procedure 2019.210, which identifies Epitomics' trade secrets with reasonable particularity, but CST has indicated that it will object to providing discovery nonetheless.

**CST's Statement:**

CST expects to move to compel Epitomics to adequately identify its trade secrets as required by California Code of Civil Procedure Section 2019.210, and for a protective order that no further discovery of CST be taken until Epitomics has provided an adequate identification.

**5. Amendment of Pleadings**

The parties anticipate that no amendment of the pleadings will be necessary, but propose April 21, 2008 as the deadline for amendments to pleadings.

**6.    Evidence Preservation**

Both parties have put in place steps to preserve relevant evidence, including the issuance of litigation hold instructions.

**7.    Disclosures**

Initial disclosures will be served on January 25, 2008 pursuant to this Court's Order of October 16, 2007.

**8.    Discovery**

No discovery has been taken. The parties have conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f), and have agreed not to issue any discovery requests until after the Case Management Conference scheduled for February 1, 2008. The parties have agreed to the standard discovery limits under the Federal Rules of Civil Procedure.

**Epitomics' Statement:**

To facilitate the efficient resolution of this dispute, Epitomics has voluntarily served on CST a Trade Secret Statement. This statement has been modeled on the requirements of California Code of Civil Procedure 2019.210 and identifies Epitomics' trade secrets with reasonable particularity.

**CST's Statement:**

CST believes that Epitomics' "Trade Secret Statement" under California Code of Civil Procedure Section 2019.210 is inadequate because it does not identify Epitomics' alleged trade secrets with sufficient particularity.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are no pending related cases.

**11.    Relief**

Epitomics seeks actual and special damages, in an amount to be determined at trial; liquidated damages in the amount of $1,000,000; an order of restitution of all monies constituting CST's unjust enrichment; punitive damages in an amount to be determined at trial; specific
JOINT CASE MANAGEMENT STATEMENT    5
Case No.  C 07-5275 MMC
sf-2451835

performance of CST's reporting and accounting obligations under the TLA; specific performance of CST's disclosure and licensing obligations under the TLA; temporary, preliminary and permanent injunctive relief prohibiting CST's disclosure or use of Epitomics' trade secrets; prejudgment interest on any monetary recovery; attorneys fees and costs; and such other and further relief as the Court deems just and proper.

CST seeks that Epitomics take nothing by its Complaint and that all claims for relief be dismissed with prejudice; a declaration that CST has not breached the TLA; a declaration that CST has not misappropriated Epitomics' trade secrets; a declaration that CST has not breached the covenant of good faith and fair dealing in the TLA; a declaration that CST has not interfered with Epitomics' prospective economic relations or aided or abetted breach of duty; an injunction against further actions against CST by Epitomics related to the claims for relief in this action; attorneys fees and costs; and such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

The parties have agreed to, and the Court has ordered, private mediation. The only dispute between the parties is about the timing of the mediation.

**Epitomics' Statement:**

A key issue in this litigation is CST's contention that its "new" products do not make use of any Epitomics technology. Epitomics believes that a mediation will be most productive after Epitomics has been provided in discovery information explaining CST's allegedly alternative process for making RabMAb products, so that its counsel and expert consultants (subject to a protective order) can meaningfully assess this issue. CST's proposal of a mediation prior to any discovery would serve little purpose, as neither Epitomics nor its counsel would be able to evaluate CST's defense in any meaningful way. Similarly, Epitomics does not consider that this case can be resolved without giving Epitomics' counsel access to relevant information, as CST contends.

**CST's Statement:**

CST has repeatedly offered to have this dispute mediated in a process by which it could disclose its proprietary technology to a mediator skilled in the art. The issue to be determined is

whether CST's new technologies fall within the scope of the Agreement or not.  A mediator could advise the parties with respect to that issue without disclosing to Epitomics or its counsel the details of CST's new technology.  Mediation can and should commence while that issue is being resolved.  In any event, CST does not believe that its disclosures will be due until Epitomics identifies its trade secrets with sufficient particularity.

**13.  Magistrate Judge Trials**

The parties do not consent to have a magistrate judge conduct further proceedings.

**14.  Other references**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of issues**

No discovery has taken place, so the parties are not yet in a position to determine the issues that can be narrowed by agreement or by motion.  The parties have no suggestion to expedite the presentation of evidence, and do not request bifurcation at this time.

**16.  Expedited Schedule**

This is not the type of case that can be handled on an expedited basis.

**17.  Scheduling**

The parties propose the following alternative schedules:

    a.  **Designation of Experts**

Epitomics' Proposed date:  August 8, 2008.

CST's Proposed date:  September 22, 2008.

    b.  **Fact Discovery Cut-off (Civil L.R. 26-2)**

Epitomics' Proposed date:  August 8, 2008.

CST's Proposed date:  September 15, 2008.

    c.  **Initial Expert Reports (Rule 26)**

Epitomics' Proposed date:  August 22, 2008.

CST's Proposed date:  January 20, 2009.

     **d.    Rebuttal Expert Reports (Rule 26)**

     Epitomics' Proposed date:  September 19, 2008

     CST's Proposed date:  February 19, 2009.

     **e.    Expert Discovery Cut-off (Civil L.R. 26-2)**

     Epitomics' Proposed date:  October 17, 2008

     CST's Proposed date:  March 20, 2009.

     **f.    Last Day to File Dispositive Motions (Civil L.R. 7-2)**

     Epitomics' Proposed date:  November 7, 2008.

     CST's Proposed date:  April 3, 2009.

     **g.    Final lists of witnesses and exhibits under Rule 26(a)(3)**

     Epitomics' Proposed date:  January 9, 2009.

     CST's Proposed date:  July 24, 2009.

     **h.    Pretrial Conference (Rule 16(d) and Civil L.R. 16-10(c))**

     Epitomics' Proposed date:  January 13, 2009.

     CST's Proposed date:  August 4, 2009.

     **i.    Trial Date**

     Epitomics' Proposed date:  February 2009.

     CST's Proposed date:  August 24, 2009.

     **CST's Statement:**

     CST submits that the pretrial schedule in this action should not begin to run until after Epitomics has adequately identified its alleged trade secrets as required by California Code of Civil Procedure Section 2019.210.  This may require adjusting CST's proposed dates if the Court agrees that Epitomics has not yet made an adequate disclosure.

     **Epitomics' Statement:**

     Epitomics has already voluntarily served on CST a Trade Secret Statement modeled on the requirements of California Code of Civil Procedure 2019.210, which identifies Epitomics' trade secrets with reasonable particularity.

1  **18.   Trial Form and Length**

2  The parties agree that the case will be tried by jury and anticipate a five (5) day trial.

3  **19.   Disclosure of Interested Entities or Persons**

4  The parties have each filed a Certification of Interested Entities or Persons under Civil

5  L.R. 3-16, and have both certified that currently, other than the named parties, there is no such

6  interest to report.

7  **20.   Other matters**

8  None at this time.

10                                              Respectfully submitted,

12  January 25, 2008                             By: /s/  Jana G. Gold
                                                 _____
13                                               Matthew I. Kreeger (CA SBN 153793)
                                                 Jana G. Gold (CA SBN 154246)
                                                 Rebecca S. Saelao (CA SBN 222731)
14                                               MORRISON & FOERSTER LLP

15                                               Attorneys for Plaintiff
                                                 EPITOMICS, INC.

17  January 25, 2008                             By: /s/  Robert J. Goldman
                                                 _____
18                                               Robert J. Goldman (CA SBN 189922)
                                                 Linda E. Rost (CA SBN 211769)
                                                 Kelly L. Baxter (CA SBN 232286)
19                                               ROPES & GRAY LLP

20                                               Attorneys for Defendant
                                                 CELL SIGNALING TECHNOLOGY, INC.

JOINT CASE MANAGEMENT STATEMENT            9
Case No. C 07-5275 MMC
sf-2451835